
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, WARDEN;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-15-M-DLC-JCL<br><br><br>FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

On February 10, 2015, Petitioner Kermit Poulson filed a Petition for Writ of Habeas Corpus challenging his conviction in the Eleventh Judicial District Court, Flathead County, for criminal possession of dangerous drugs, Cause No. DC 11-14(A), and the revocation of his probation, Cause No. DC 12-419(C). Poulson is a state prisoner proceeding pro se.

On February 11, 2015, this Court granted Poulson's motion to proceed in forma pauperis and also directed him to clarify his petition and explain exactly what arresting officers did to violate Poulson's rights, how law enforcement action contributed to the charges for which he was convicted, and in what manner his counsel was ineffective. (Doc. 5) at 2. In response, Poulson submitted a rambling three-page document, accompanied by a six-page exhibit that failed to adequately

1

address any of the issues outlined by the Court. (Doc. 6).

Poulson had previously filed a Petition for Writ of Habeas Corpus which was dismissed as unexhausted and a certificate of appealability was denied. *See* CV 14-186-M-DLC-JCL. In that matter it was observed that Poulson had two appeals pending before the Montana Supreme Court: *State v. Poulson*, No. DA 14-340 (Mont. Filed June 2, 2014) and *State v. Poulson*, No. DA 14-0341 (Mont. Filed June 3, 2014). In relation to DA 14-340, a review of the Montana Supreme Court register reveals that nine motions to continue the briefing schedule have been filed on behalf of Poulson by counsel. *See State v. Poulson*, DA 14-340, *available at* http://supremecourtdocket.mt.gov (accessed May 6, 2015). Poulson's opening brief is not scheduled to be filed until May 11, 2015. This is the same scenario for DA 14-341. Poulson currently has two appeals pending in the Montana Supreme Court as to both judgments that Poulson seeks to challenge in this Court.

Poulson has filed this action prematurely. Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court. 28 U.S.C. 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Sarei v. Rio Tinto*, PLC, 550 F. 3d 822, 828-29 (9th Cir. 2008)(en banc) (describing all federal common-law exhaustion doctrines as originating in habeas

2

corpus to prevent "unnecessary conflict between federal [courts] and state courts" or other tribunals)(quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)(internal brackets omitted)); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980)(imposing exhaustion requirement under 28 U.S.C. § 2241). In addition, under the rule of *Younger v. Harris*, 401 U.S. 37 (1971), "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.

Instead, a person held in custody under the authority of a State must use the procedures the State makes available to challenge his custody. After Poulson has completed that process, including his direct appeal to the Montana Supreme Court and any collateral post-conviction proceedings, then he may file in federal court. At this point, the petition should be dismissed without prejudice. Dismissal at this time will not prejudice Poulson or materially alter his position, provided he follows the State's rules and procedures. *Slack v. McDaniel*, 529 U.S. 472, 485-86 (2000); 28 U.S.C. § 2244(d)(1)(A), (d)(2). A certificate of appealability should be denied because reasonable jurists could not find grounds to doubt the procedural ruling. *Lambright v. Stewart*, 220 F. 3d 1022, 1026 (9th Cir. 2000)(quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Poulson's petition (Doc. 1) should be DISMISSED without prejudice for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Poulson may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Poulson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of May, 2015.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.